13155

GAILLARD *ET AL.* v. GLOBE & RUTGERS FIRE INSURANCE CO.

(158 S. E., 727)

*Messrs. Joseph L. Nettles* and *Wendell M. Levi,* for appellant,

*Messrs. Purdy & Bland* and *L. D. Jennings,* for respondent,

May 25, 1931.

The opinion of the Court was delivered by Mr. Justice Cothran.

Action upon a fire insurance policy issued August 26, 1925, in the sum of $1,500.00, expiring August 26, 1926, upon a store building in the town of Dalzell, in Sumter County, at that time the property of the plaintiff C. J. Gaillard, the loss payable to the plaintiff bank, which was a mortgagee of Gaillard to the extent of $2,500.00.

On December 29, 1925, Gaillard sold his mercantile business and the lot, upon which were located a dwelling house and the insured store building to one L. K. Jackson for $3,000.00, Jackson assuming payment of the bank's mortgage, and going into immediate possession.

On May 11, 1926, during the apparent life of the policy, the store building, in possession of Jackson, was destroyed by fire.

Neither Gaillard nor Jackson notified the insurance company of the conveyance of the property by Gaillard to Jackson.

Upon proofs of loss being submitted to the company, liability upon the policy was denied by reason of the following provision in the policy: "This entire policy shall be void

unless otherwise provided by agreement in writing added hereto * * * if any change other than by the death of an insured take place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard)."

The case was tried by his Honor, Judge Mauldin, and a jury. Upon the defendant's motion for a directed verdict and in his charge to the jury, his Honor held that the quoted provision was a valid condition and constituted a bar to a recovery on the policy unless the company had waived the condition; that that was an issue for the jury. The jury returned a verdict in favor of the plaintiffs for the full amount of the policy, and from the judgment entered thereon the defendant has appealed.

The question upon appeal therefore is whether the testimony discloses any evidence from which the jury could have been justified in concluding that the company had waived the condition.

The only evidence upon this point was the testimony of Mrs. Gaillard, the wife of the insured; she testified that the latter part of January, 1926, before the fire in May, 1926, she was in Sibert's Drug Store in the city of Sumter one afternoon and Mr. Moses, the agent of the company who had issued the policy, came into the drug store; that he asked her how business was at Dalzell; that she told him that they were not at Dalzell; that he asked her, "Are you still running the business at Dalzell?" That she answered, "No, we sold out there; we sold our house and lot and store to Mr. Jackson."

It will be observed that this conversation occurred after the breach of the condition; the policy at that time was defunct.

There are several reasons why it cannot be considered as evidence of the waiver of a condition which already had avoided the policy:

1. The conversation was with the wife of the insured, and the evidence fails to show that at that time she was other than a stranger to the insured so far as the insurance was concerned.

2. It appears to have been a conversation along social lines, neither participant having the matter of insurance in mind.

3. It does not appear that at the time Moses was at all engaged in business representing the company.

In 1 Joyce Ins., 1060, it is said: "The true test ought to be, was the knowledge acquired by the agent under such circumstances as to justify a fair and reasonable presumption that he was acting within the apparent scope of his authority at the time? If so the company should be bound; and we might add that if the proof is clear that at the time of acting for the principal such knowledge was present in the agent's mind that the principal would be bound. But the evidence ought certainly to be clear and satisfactory."

In the case of *Cobb & Seal v. Ins. Co.*, 78 S. C., 388, 395, 58 S. E., 1099, 1100, this Court made the following observation: "The plaintiff's duty was to have the conditions of the contract in mind and observe them, and he cannot shift the duty to the shoulders of the defendant's agent." And again, on the same page: "There is no evidence that he [the agent] ever thought of the insurance contract in connection with their coming and going; on the contrary, * * * he never thought of the subject at all." Such is the evidence in this case.

This Court in the *Cobb case* followed the observations just quoted by stating the rule in the following language: "This statement of the law, as taken from 19 Cyc., 810, is in accord with the cases in this state on the general powers of an agent, and is supported by numerous authorities cited in the text: 'Any knowledge of the agent, to be considered in law that of the insurer, must have been acquired in the course of his business; and the company is not chargeable

with information acquired by an agent in transactions without the agency, unless it appears that such information was remembered and in the mind of the agent during the time of the transaction upon which the insured claims waiver.' *Knobelock v. Bank,* 50 S. C., 290, 27 S. E., 962. There was no evidence whatever of waiver or estoppel before the fire, and therefore it was error to submit to the jury the question whether the company had waived, before the fire, the requirement of the policy that the books should be kept in an iron safe and produced after the fire." See *Graham v. Ins. Co.,* 119 S. C., 218, 112 S. E., 88.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded thereto for the entry of judgment in favor of the defendant under Rule 27.

MR. CHIEF JUSTICE BLEASE, and MESSRS. JUSTICES STABLER, and CARTER, and MR. ACTING ASSOCIATE JUSTICE COSGROVE concur in result.